IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE E. HORNER,            )
                             )
         Plaintiff,          )
                             )
    vs.                      )  Civil Action No. 10-326-J
                             )
COMMISSIONER OF SOCIAL SECURITY, )
                             )
         Defendant.          )

O R D E R

AND NOW, this 15th day of March, 2012, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). Plaintiff's arguments stem from her primary contention that the ALJ erred in rejecting the treating source opinion evidence in the record – specifically, the opinions of Dr. Patel and Ms. Gavaris –in finding that Plaintiff was capable of sustaining regular, full-time employment. Plaintiff argues that the "ALJ failed to provide any legitimate basis for h[er] rejection of this [treating source] opinion evidence," that she "rejected these competent and uncontroverted opinions based on nothing more than h[er] lay medical opinion . . . ," and that she improperly rejected Ms. Gavaris' opinion that Plaintiff was unable to work "only on the basis that it was from an unacceptable medical source." Plaintiff's Brief in Support of Summary Judgment (Doc. No. 8 at 17-18, 20) (emphasis in original). The Court disagrees.

Despite Plaintiff's claim to the contrary, the ALJ did not reject the opinions of Dr. Patel and Ms. Gavaris; she expressly stated that she gave them less than controlling weight. (R. 23). It is well-settled that a "treating physician's opinion on the nature and severity of an impairment will be given controlling weight only where it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). Here, the ALJ determined that Dr. Patel's January 2008 opinion that Plaintiff is severely limited in her work-related abilities and is unable to "function or do any job at this time," (Doc. No. 5-8 at 35), and Ms. Gavaris' October 2007 opinion that Plaintiff "is not able to function in a work setting on a sustained day to day basis" due to the "chronicity and severity of her symptoms" (Doc. No. 5-8 at 36), were not well-supported by and were inconsistent with the other evidence in the record. (R. 23-24). Contrary to Plaintiff's assertion, the ALJ provided *several* reasons why she discounted their opinions. (Id.).

With respect to Dr. Patel, the ALJ explained that his opinion was (1) "not supported with any clinical or objective findings," (2)

2

inconsistent with his own treatment notes which do not reflect that Plaintiff "was experiencing such severe limitations," and (3) inconsistent with the totality of evidence [including Plaintiff's activities of daily living]." (R. 23). She laid out the inconsistencies between Dr. Patel's findings in April of 2007 and his findings in October of 2007 and January of 2008; she further discussed how his specific finding that Plaintiff was limited in her ability to maintain personal appearance was not supported by the record and was inconsistent with her own personal observations of Plaintiff at the hearing, whom she found to have "appropriate grooming and hygiene." (Id. at 18). The ALJ also pointed out that Dr. Patel's treatment notes did not "reference any abnormalities in the [Plaintiff]'s personal appearance," and did not reflect the other severe limitations he found in his October 2007 and January 2008 Medical Assessment forms. (Id. at 18-19). The ALJ additionally cited to his April 2007 assessment where he assigned Plaintiff a GAF score of 55, indicating moderate limitations, as another basis for discounting his opinion. (Id. at 19).

The ALJ likewise explained her rationale for discounting Ms. Gavaris' opinion, stating that Ms. Gavaris "did not provide any clinical or objective findings to support her opinion," that "the clinical and objective findings [in the record] are inconsistent with an individual who experiences debilitating symptoms," and that her opinion was inconsistent with the GAF score of 55 that she assigned Plaintiff in April of 2007. (Id. at 23). Against this backdrop, Plaintiff's claim that the ALJ completely rejected Ms. Gavaris' opinion on the sole basis that she was an unacceptable medical source is devoid of merit. The Court also notes that Ms. Gavaris' opinion was not entitled to controlling weight, as she is a social worker and not an acceptable medical source. Yensick v. Barnhart, 245 Fed. Appx. 176, 181 (3d Cir. 2007); 20 CFR § 416.913(d)(1). While the opinion of a treating therapist constitutes relevant evidence that is entitled to consideration, the amount of weight afforded to the opinion depends on the extent to which it is consistent with the other evidence of record. See id. at 182. As discussed above, the ALJ found that her opinion was inconsistent with the record and therefore did not err by giving it less than controlling weight.

Moreover, in discounting the weight of the opinions, the ALJ did cite to contrary medical evidence. The ALJ explained that the state agency medical consultants who reviewed the medical evidence concluded that Plaintiff did not suffer from any condition which precluded her from gainful employment. (R. 23). The ALJ also recognized that these opinions were rendered by non-examining sources and explicitly stated that she was affording their opinions less weight. (Id.). She noted,

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 7) is DENIED and defendant's Motion for Summary Judgment (document No. 11) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

however, that they still were entitled to some weight because they constitute "expert medical opinions" and were "generally consistent with the other evidence in the record." (Id. at 23). As discussed above, she also noted how the opinions of Dr. Patel and Ms. Gavaris were inconsistent with their own earlier findings of moderate limitations of functioning. (R. 19). The law permits an ALJ to rely on an opinion from a non-examining source over an opinion of a treating physician if the former has stronger support in the record and is more consistent with it. See Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).

    Thus, the Court finds that the ALJ properly summarized the record, gave appropriate weight to the evidence contained therein, and adequately explained her reasons for discounting the weight of the opinions from Dr. Patel and Ms. Gavaris. The Court further finds that substantial evidence supports her decision to give less than controlling weight to their opinions. The Court also notes that an ALJ is not bound by an opinion on the ultimate issue of disability, and therefore the ALJ was not required to give these opinions of complete disability controlling weight on this basis as well. See Smith v. Comm'r of Soc. Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).